UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| CHERITA NOONAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:09CV00031 ERW |
| ) | |
| LITTON LOAN SERVICING, L.P., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Compel Discovery and Brief in Support [doc. #13]. A hearing was held on November 10, 2009, and the Court heard oral arguments from the Parties on the pending Motion. The matter was continued to November 18, 2009, when the Court held a telephone hearing and heard additional oral arguments from the Parties. The Court has reviewed Plaintiff's Motion, in addition to Defendant's initial disclosures and responses to Plaintiff's First Set of Interrogatories and First Request for Production of Documents, and makes the following findings:[1]

1.  Defendant shall, within 45 days of the date of this Order, provide the names of all current employees, whose names appear in the records of Defendant, and with knowledge of any issue relating to Plaintiff's loan.

---

[1] The Court will address the issues in the order presented in Plaintiff's Motion to Compel Discovery.

2. Within 45 days, Defendant shall produce the names and last known addresses and telephone numbers of all former employees whose names are in any respect in Defendant's records, electronic or otherwise, which are associated with Plaintiff's loan.

3. Defendant shall, within 45 days, provide information regarding its policies and procedures, as requested in Plaintiff's Interrogatory No. 6, subject to the Protective Order entered into by the Parties

4. Defendant is ordered to supplement its answer to Plaintiff's Interrogatory No. 8, within 45 days of the date of this Order.

5. The Court understands that Plaintiff has agreed to be more specific by submitting additional interrogatories addressing the issues that were initially raised in Plaintiff's Interrogatory Nos. 10 and 11.

6. Within 45 days, Defendant shall provide Plaintiff with copies of all Court Complaints, Federal and State, of any plaintiff, and the Answers of Defendant in all litigation, in any court, from the date of the purchase of the servicing rights by Defendant of Plaintiff's loan.

7. Defendant's objection to Plaintiff's Interrogatory No. 4 is sustained, as the Court finds that the request is too broad in scope, and is overburdensome.

8. Plaintiff's request that the Court enter an order compelling Defendant to provide Plaintiff with copies of the Goldman Sachs purchase information is denied. However, Plaintiff is given leave to refile a more specific interrogatory regarding this topic.

9. Defendant shall, within 7 days of the date of this Order, show cause as to why it is unable to provide a copy of all emails from current and former employees whose names are in any

respect associated with Plaintiff's loan, whether it be with regard to servicing the loan, answering complaints about the loan, or performing any other task pertaining to Plaintiff's loan in any capacity. Defendant also shall answer as to whether any mode of intra-office communication exists other than emails, e.g., memos, notes, letters, etc., pertaining to Plaintiff's loan.

10. Within 45 days, Defendant shall supply, in writing, to Plaintiff the status of Plaintiff's loan immediately before servicing rights were purchased by Defendant, and all records, electronic or otherwise, recording the status of Plaintiff's loan to this date.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery and Brief in Support [doc. #13] is **GRANTED**, in part, and **DENIED**, in part, as set forth above.

Dated this 19th Day of November, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE